IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 2:11-cr-53 |
| v. ) | |
| ) | |
| TYRONE SELLERS, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is DEFENDANT TYRONE SELLERS'S MOTION FOR RELEASE ON BOND (Document No. 698). Defendant Tyrone Sellers ("Sellers") has filed a brief in support of his motion and attached several exhibits. The government has filed a response in opposition to the motion. It is ripe for disposition.

The three-count superseding indictment names 18 persons as Defendants in this criminal action, which alleges a drug conspiracy and money laundering. Sellers is charged in Count One with conspiracy to distribute one kilogram or more of heroin pursuant to 21 U.S.C. § 846. If convicted, Sellers faces a statutory mandatory minimum sentence of ten years to a maximum of life imprisonment. In addition, it appears to be undisputed that Sellers has at least four prior felony drug convictions. If the government files an "information to establish prior conviction" pursuant to 21 U.S.C. § 851 as to one prior conviction, Sellers will face a mandatory minimum sentence of twenty years imprisonment. If the government files a § 851 "information" as to two or more of these prior felony drug convictions, Sellers will face a sentence of mandatory life imprisonment if convicted.

On August 8, 2011, Magistrate Judge Maureen Kelly entered an Order Setting Conditions

of Release which placed Sellers on an unsecured $50,000 bond and home detention. The Court has reviewed the transcript of the detention hearing and the Pretrial Services Report and Recommendation of detention. The government appealed the Order. In particular, the government emphasized that under the Bail Reform Act, 18 U.S.C. § 3142(e)(2), the heroin conspiracy crime with which Sellers is charged in this case creates "a rebuttable presumption [] that no condition or combination of conditions will reasonably assure the safety of any other person and the community." On August 22, 2011, this Court issued a Memorandum Opinion and Order which determined that Sellers shall be detained pending trial.

In reaching its decision, the Court recognized that Sellers' last felony drug conviction was in 1992 – almost 20 years ago, when he was 21 years old; that he has long-standing ties to the community; and that he voluntarily turned himself in to authorities. The Court also reviewed the alleged weaknesses in the government's case against Sellers[1] and recognized that several of the co-Defendants remain on bond. The Court then explained, at length, why it concluded that Sellers had not rebutted the statutory presumption of detention in 18 U.S.C. § 3142(g).[2] The Court summarized: "Sellers has a lengthy and recent criminal record which includes illegal drugs, a poor employment history, and continues to actively abuse marijuana. There is no basis upon which this Court can conclude that any set of conditions of release by this Court would

---

[1]The Court noted that agents never physically observed a transaction between Lawrence and Sellers; that Sellers was not found in possession of any controlled substances or weapons; that the phone calls used "code words" rather than explicit references to heroin; and that the informant was susceptible to a credibility challenge.

[2]Four factors must be considered: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including his character, family, employment, finances, length of residence, ties to community, drug abuse history, criminal history and record of appearance at court proceedings and whether he was on bond at the time of the charged offense; and (4) the nature and seriousness of the danger posed by the person's release.

assure Defendant's appearance and the safety of the community."

In the pending motion, Sellers essentially seeks reconsideration of the Court's decision. He again contends that the evidence against him is "scanty to non-existent" and that other co-Defendants remain free on bond, even after pleading guilty. Sellers presents one new contention, namely, that he is being subjected to deplorable conditions while detained at the Butler County Prison. The alleged deplorable conditions include lack of access to dental care, limited space for outdoor time, an inadequate supply of toilet paper, lack of deodorant, dinner being served at 4:00 p.m., and outdated legal resources.

The Court has previously considered the strength of the evidence against Sellers. Nothing in the instant motion warrants a different result. That other co-defendants remain on bond is largely irrelevant because § 3142 requires an individualized analysis. In particular, the fact that Sellers has four prior felony drug convictions weighs heavily. The criticisms Sellers articulates with respect to his living conditions do not justify pretrial release. At most, such objections – if warranted and unable to be remedied through appropriate channels – might result in a transfer to a different detention facility.

In accordance with the foregoing, DEFENDANT TYRONE SELLERS'S MOTION FOR RELEASE ON BOND (Document No. 698) is **DENIED**.

SO ORDERED this 2nd day of August, 2012.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Gregory Nescott, AUSA
Email: ashley.lough@usdoj.gov

Steven Stallings, Esquire
Email:ssstallings@burnswhite.com

Rebecca Guenther, Pretrial Services